IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, | CIV. NO. 06-00146 JMS-LEK |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT AND ACTION |
| GOVERNOR GEORGE ARIYOSHI, et al., | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT AND ACTION**

Plaintiff Francis Grandinetti,[1] a Hawaii inmate incarcerated in Tallahatchie County Correctional Facility ("TCCF"), in Tutwiler, Mississippi, has filed yet another *pro se* action in this court. Grandinetti has filed at least thirty-five actions in the United States Courts since 1996, many of them in this court. *See* U.S. Party/Case Index, PACER Service Center, available at

http://pacer.psc.uscourts.gov. ("Pacer"). At least three or more of these actions

---

[1] The plaintiff section of this complaint is captioned "President, Young Republican Party of Hawaii, as State of Hawaii, U.H. Manoa, political agent; Kailua High School Young Republicans For Reagan-Bush, 1980-1985, Leader; and Delegate, 1985 Reagan Inaugrial (sic), Washington, D.C., and Republican Party Agent, 1985-2006, Hawaii." It is clear from the face of the complaint, however, that the true plaintiff to this action is Francis Grandinetti, a Hawaii inmate who is well known to the court.

were dismissed as frivolous or for failure to state a claim.[2] Grandinetti titles the present action "Civil Rights Complaint 'Imminent Injury'" and "Plaintiff's 42 U.S.C. § 1983 Complaint-Voter Registration." Grandinetti has neither submitted an *in forma pauperis* application nor paid the $250 statutory filing fee for instituting a civil action in this court.

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court must consider prisoner actions dismissed prior to, as well as after, the statute's enactment, so long as the action was dismissed by "a court of the United States." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

---

[2] *See e.g.*, *Grandinetti v. U.S. Marshals Serv.*, Civ. No. 00-00489 SOM-KSC (D. Haw., § 1983 case dismissed for failure to state a claim, Aug. 1, 2001); *Grandinetti v. Bobby Ross Group Inc., et al.*, Civ. No. 96-00117 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Mar. 5, 1999); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex., § 1983 case dismissed as frivolous and for failure to state a claim on Jan. 26, 1998); *Grandinetti v. Iranon, et al.*, Civ. No. 96-00118 (E.D. Tex., § 1983 case dismissed as frivolous on July 20, 1998).

Other than his title, Grandinetti does not allege that he is in imminent danger of serious physical injury. He says that he works for the United States government, since 1980, "as an authorized, public, Reagan/Republican Party agent, and republican government proponent." (Comp. 1.) He claims that his apartment, which was "set up as the (Republican) Governor's Satellite Office," was broken into in 1993 and money was illegally seized as evidence. (*Id.*) He says that he has been transferred about the United States since 1996, and was beaten "for political motives." (*Id.*) He states that this is a voting rights action as well as a § 1983 action.

Grandinetti may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). He is not. This is simply another action by Grandinetti seeking release from custody. Grandinetti's only claim of "imminent" danger of serious injury is found in his title and in his bare claim for relief: "Imminent injury, release from custody, work and monetary compensation, and government lawyers are sought." (Compl.) Although he claims that he was beaten "several times" over the past ten years after

3

he was transferred to Mainland prisons, Grandinetti is not claiming imminent danger at this time. Even if Grandinetti did allege imminent danger of serious physical injury, venue for such a claim would not lie in Hawaii, as he is incarcerated in Mississippi.

When a prisoner's claims of imminent danger are conclusory or ridiculous, a court may deny leave to proceed *in forma pauperis*. *See, e.g.*, *Heimermann v. Litscher*, 337 F.3d 781, 781 (7th Cir. 2003) (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir.1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger). Grandinetti is not in imminent danger and has not remitted the statutory filing fee for instituting this action. Accordingly, Grandinetti's

//

//

//

//

complaint and action are DISMISSED without prejudice. The Clerk shall close the file.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 14, 2006.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

Grandinetti v. Ariyoshi, et al., Civ. No. 06-00146 JMS-LEK; ORDER DISMISSING COMPLAINT AND ACTION; dmp\3 strikes orders\Grandinetti 06-146